## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 05-40115-01-RDR**

LOURDES RODRIGUEZ-CASTILLO,

        Defendant.

---

## MEMORANDUM AND ORDER

On June 2, 2006 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the ruling made by the court during the sentencing hearing.

The defendant entered a guilty plea on March 2, 2006 pursuant to a plea agreement to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846. Following entry of the plea, a presentence report was prepared. The defendant raised one objection to the presentence report.

The conviction arose out of a traffic stop on Interstate 70 in Shawnee County, Kansas on October 3, 2005. A consensual search of the vehicle, which was owned and driven by the defendant, revealed a hidden compartment containing cocaine. Alberto Salazar-Pacheco,

a co-defendant, was a passenger in the vehicle.  He has also entered a guilty plea in this case.

The defendant contends she is entitled to a reduction in her offense level for minor role under U.S.S.G. § 3B1.2.  The government and probation office disagree.

Pursuant to U.S.S.G. § 3B1.2, a court can reduce a defendant's offense level for being a minor or minimal participant in a criminal scheme.  According to the Commentary, "this guideline is not applicable unless more than one participant was involved in the offense," U.S.S.G. § 3B1.2, comment. (n. 2), and it provides a reduction only for "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n. 3(A)).  Accordingly, the inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." United States v. Calderon-Porras, 911 F.2d 421, 423-24 (10th Cir. 1990).  The defendant has the burden of proving his minor or minimal participation. United States v. Harfst, 168 F.3d 398, 401-02 (10th Cir. 1999).  Significantly, the Tenth Circuit has held "that drug couriers, allegedly under the direction of others, are not

2

necessarily minor participants under section 3B1.2 of the Guidelines." <u>United States v. Donaldson</u>, 915 F.2d 612, 615 (10th Cir. 1990).

The court is not persuaded that defendant is entitled to a reduction for her role in the offense. The defendant has not proven she was a minor participant. A review of the record shows that the defendant was actively involved in the transportation of the controlled substances. Her participation was much more involved than her co-defendant. She was responsible for registering the vehicle that transported the drugs, driving to a location to load the drugs, driving to another destination to pick up her co-defendant, and then traveling to her final destination. The activities of the defendant do not demonstrate that she is entitled to a minor role reduction. Accordingly, this objection shall be denied.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2006 at Topeka, Kansas.


                                s/Richard D. Rogers
                                United States District Judge